■ HERMAN PHILLIPS, Respondent, v JOAN ARBUSE, Appellant.—Order, Supreme Court, New York County, entered on December 3, 1974, insofar as appealed from, and, upon review, the order of said court entered on January 15, 1975, affirmed on the opinion of Silverman, J., at Special Term, without costs and without disbursements. Concur—Murphy, J. P., Lane and Nunez, JJ.; Tilzer and Capozzoli, JJ., dissent in a memorandum by Capozzoli, J., as follows: Plaintiff is an officer and director of a co-operative corporation which owns an apartment building. Defendant is a stockholder and proprietary tenant of an apartment therein. In this action for slander the plaintiff concedes that the remarks, of which he complains, were made by the defendant at a regular meeting of the stockholders of the corporation and were spoken in her capacity as one of the stockholders and proprietary tenants. That being so, her remarks therefore were qualifiedly privileged. Accordingly, the plaintiff has the burden of establishing that the remarks of the defendant were made with malice or with knowledge of falsity or without belief in their truth. *(Shapiro v Health Ins. Plan of Greater N. Y.,* 7 NY2d 56.) Special Term denied the motion by the defendant to dismiss the complaint because it found that, on the basis of the affidavits submitted by both sides, issues of fact were presented. Hence, it is important that we examine the affidavits with a view of determining whether issues of fact do, in fact, exist, and we must do so in the light of the legal principle that these affidavits must show evidentiary facts. As was stated in *O'Meara Co. v National Park Bank of N. Y.* (239 NY 386, 395): *"facts* must be presented rather than mere general or specific denials in order to defeat a motion. [Citing authorities.]" The record discloses that there are three affidavits presented by the plaintiff in opposition to the motion by defendant for summary judgment dismissing his complaint. These affidavits were executed by three different persons. One by plaintiff himself; another by Paul Schaffer and the third by William Stuberfield. A reading of the affidavit of the plaintiff finds the following language: "For many years the defendant herein has had an unreasoning unfounded fixation that I am an owner of A La Vielle Russie Inc. which I have repeatedly denied and once again categori-

cally deny." There is nothing else in the plaintiff's affidavit which can be regarded as fulfilling the requirements of the rule that evidentiary facts must be alleged. Evidently he has an erroneous understanding of who has the duty of showing malice on the part of the defendant under the circumstances of this case, because, later in his affidavit, the plaintiff states: "Inasmuch as defendant has offered nothing to refute the overwhelming evidence that her slanderous words were uttered without the slightest justification". But the duty is not upon defendant to prove that her remarks were made without malice. It is rather upon the plaintiff to prove that they were. Hence, the total result of his affidavit is that it sheds no light on the issue of whether the defendant was actuated by malice. We shall now consider the affidavit of Paul Schaffer. That is completely without relevancy on the issue of whether the defendant was actuated by malice, other than to say that the plaintiff, Phillips, has no interest in A La Vielle Russie. The third affidavit, that of William Stuberfield, is five pages long and only the following quotation taken therefrom bears upon the question of whether there was malice on the part of the defendant. "As long ago as April 5, 1963, a lawyer named Rothenberg retained by her, made inquiry at the annual stockholders meeting and otherwise as to whether that corner store was rented to Mr. Philips 'or an associate of his'. At that time, and several times thereafter to another of her lawyers, Max Regov, it was stated that Mr. Philips, who was responsible for inducing that establishment to move to The Sherry-Netherland from other premises on the block, has no connection with that highly desirable tenant." This is the only passage in the Stuberfield affidavit which deals with the issues presented in this case. It does contain a good deal of other information concerning the relations, if any, with a so-called syndicate, but, by Stuberfield's own language, he admits that this information had "no relevance to the issues in this action for slander based on Mrs. Arbuse's accusation against Mr. Philips made at the stockholders meeting". Hence, we must be limited to an examination of the language of Mr. Stuberfield, wherein he says that, on previous occasions lawyers were informed. There is nothing to indicate how the affiant knew that, in 1963, some lawyer was retained by this defendant, nor how the inquiry was allegedly made, whether Stuberfield was present, what was it that was said and who was present, etc. The same comments hold true as to the alleged inquiries made by a lawyer named Regov. The quoted portion of Mr. Stuberfield's affidavit simply does not meet the requirement of law that evidentiary facts be set forth. He has merely set forth conclusory allegations, none of which would be acceptable at a trial, were they presented in the manner set forth in his affidavit. In *Bachrach v Farbenfabriken Bayer AG* (36 NY2d 696), a libel and slander action, the court said (p 697): "In order to defeat summary judgment * * * it was incumbent upon plaintiff 'to submit evidentiary facts or materials, by affidavit or otherwise, rebutting the prima facie showing * * * and demonstrating the existence of a triable issue of ultimate fact' *(Indig v Finkelstein,* 23 NY2d 728; CPLR 3212, subd [b]), all of which he has failed to establish." An examination of *Indig v Finkelstein (supra,* pp 729–730) of the memorandum, it is stated as follows: "Defendants' motion for summary judgment is supported by affidavits, containing evidentiary facts, showing that the verbal altercation in which the alleged slanders were uttered did not take place in the presence of others. It was then mandatory upon plaintiffs to submit evidentiary facts or materials, by affidavit or otherwise, rebutting the prima facie showing of no publication and demonstrating the existence of a triable issue of ultimate fact. [Citing authorities.] An opposing affidavit * * * did not set forth how it

was known what their testimony would be, or give the content of the anticipated trial testimony of the witnesses. Nor were any evidentiary facts averred showing precisely where the named persons were during such altercation or that they heard the conversations, or any circumstances, conclusions in the complaint aside, indicating that it was likely that they had heard such conversations. Hence, no triable issue of ultimate fact was raised." In *Rosenbloom v Metromedia* (403 US 29, 52), the court said: "We thus hold that a libel action, as here, by a private individual against a licensed radio station for a defamatory falsehood in a newscast relating to his involvement in an event of public or general concern may be sustained only upon clear and convincing proof that the defamatory falsehood was published with knowledge that it was false or with reckless disregard of whether it was false or not." In Kent v City of Buffalo (29 NY2d 818–819), the court said: "We approve the rationale of the dissenting opinion at the Appellate Division and write only to note that upon application of the rule of *Rosenbloom v Metromedia* (403 US 29, 52), * * * we find the evidence too insubstantial to constitute 'clear and convincing proof that the defamatory falsehood was published with knowledge that it was false or with reckless disregard of whether it was false or not.' " No better language can be found than that last quoted to summarize the situation in the case at bar. There is no clear and convincing proof that the defamatory remarks, of which plaintiff complains, were published with knowledge that they were false or not, thus constituting malice. For the reasons given above I dissent and vote to grant summary judgment to defendant dismissing the complaint.